**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 6, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

PHILLIP CHADWICK,

Defendant - Appellant.

No. 13-1262
(D.C. No. 1:12-CR-00345-CMA-1)
(D. of Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TYMKOVICH**, **ANDERSON**, and **BACHARACH**, Circuit Judges.[**]

---

Phillip Chadwick was convicted of selling a firearm to a felon in violation

of 18 U.S.C. § 922(d)(1). At trial, Chadwick asked the court to instruct the jury

on his theory of the case—that he was unaware the purchaser to whom he sold the

firearm was a convicted felon. The court rejected Chadwick's proposed

instructions and the jury returned a guilty verdict. At the sentencing stage, the

---

[*] This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

court assessed a two-level enhancement for obstruction of justice based on the court's finding that Chadwick committed perjury at trial.

Chadwick has appealed the judgment and sentence, and, exercising jurisdiction under 28 U.S.C. § 1291, we AFFIRM.

# I. Background

Chadwick sold a .45 caliber semi-automatic handgun to Everol Palmer, a convicted felon who was then working as a confidential informant for the Bureau of Alcohol, Tobacco, Firearms, and Explosives. Law enforcement officials recorded the transaction on videotape and audiotape. Before completing the sale, Palmer told Chadwick that he was a convicted felon. He related to Chadwick a story about the last time he was in court and both the prosecutor and the judge reminded him that he was a felon. Palmer wondered, "'Why does everybody keep reminding me that I'm a [expletive] felon. Like I don't [expletive] know.' You know what I mean." R., Vol. I at 298. Chadwick responded, "Yeah. This ain't news to me, right?" *Id.* At trial, Chadwick testified that he did not hear Palmer tell him that he was a convicted felon.

Chadwick proposed five jury instructions on his theory of the case. The final version stated:

> It is the Defendant Chadwick's theory of the defense
> that he did not know that Palmer was a "prohibited
> person" at the time he sold the handgun to him.
> Moreover, the Defendant Chadwick did not have reason
> to believe that Palmer was a prohibited person because

> he could not hear Palmer clearly enough if Palmer had in fact effectively told him that he was a convicted felon.

*Id.* at 252. The district court rejected the proposed instructions, characterizing them as "essentially just summaries of the evidence in the light most favorable to the defense." R., Vol. III at 731. A jury then found Chadwick guilty of the charged offense.

In its sentencing statement, the government asserted that Chadwick committed perjury during his trial testimony and recommended a two-level enhancement for obstruction of justice under USSG § 3C1.1. Chadwick had testified at trial that he did not hear Palmer's statement that he was a convicted felon. He averred that he could not hear Palmer because of background noise and the pitch, volume, and tone of Palmer's voice. He also claimed he was distracted by a tractor-trailer pulling into his driveway. The court agreed with the government's recommendation and supported the enhancement with an explicit finding that Chadwick willfully gave false testimony at trial.

## II. Analysis

On appeal, Chadwick seeks reversal of his judgment and sentence. He argues that the district court erred in failing to give an instruction on the theory of defense and in assessing a two-level enhancement for obstruction of justice.

### A. *Theory of Defense Instruction*

We review jury instructions as a whole to determine whether they accurately convey the governing law and review a court's refusal to grant a proposed jury instruction for abuse of discretion. *United States v. Bowling*, 619 F.3d 1175, 1183–84 (10th Cir. 2010). "While a defendant is entitled to an instruction on his theory of defense where some evidence and the law supports the theory, such an instruction is not required if it would simply give the jury a clearer understanding of the issues." *Id.* (citations and internal quotation marks omitted). A theory of defense instruction is required "only if, without the instruction, the district court's instructions were erroneous or inadequate." *United States v. Williams*, 403 F.3d 1188, 1195 (10th Cir. 2005) (citations and internal quotation marks omitted).

Instructions on the theory of defense "must adequately instruct the jury on the legal principles underlying the defense; it is not enough to present the defense in wholly factual terms." *United States v. Migliaccio*, 34 F.3d 1517, 1523 (10th Cir. 1994). Granting an instruction that simply recounts the facts in a light favorable to the defendant effectively puts the court's imprimatur on the defendant's factual theory of the case. *United States v. Grissom*, 44 F.3d 1507, 1513 (10th Cir. 1995); *see also United States v. Davis*, 953 F.2d 1482, 1492 (10th Cir. 1992) ("[S]ummaries of the evidence in the light most favorable to the defense . . . [are] more appropriate for closing argument.").

The district court did not abuse its discretion in declining to instruct the jury on Chadwick's theory of defense. The court's instructions as a whole adequately conveyed the governing law on the defendant's required state of mind under the statute. Section 922(d) makes it a crime to "knowingly" sell a firearm to a convicted felon "when the seller or transferor knows or has reasonable cause to believe that such a person is a convicted felon." 18 U.S.C. § 922(d). Instruction Thirteen expressed to the jury that to find Chadwick guilty, the government had to prove beyond a reasonable doubt that he "knew or had reasonable cause to believe that Everol Palmer was a convicted felon." R., Vol. I at 235. The instruction further defined "reasonable cause to believe" as "knowing facts that would cause a reasonable person to conclude that the other person is a convicted felon." *Id.* Instruction Fourteen articulated the legal requirements for satisfying the statute's knowledge requirement.

The district court properly rejected the proposed theory of defense instruction because it was a summary of the evidence in a light favorable to Chadwick. The instruction simply reiterated Chadwick's interpretation of the evidence—that he did not know Palmer was a convicted felon and had no reason to believe Palmer was a felon because he could not hear Palmer clearly—and presented the defense's theory in wholly factual terms. The jury instructions were clear and adequate on § 922(d)'s knowledge requirement, and Chadwick's instruction offered no further explanation of the legal principles underlying his

defense. His proposed instruction on the theory of defense would have served no purpose but to put the court's imprimatur on Chadwick's interpretation of the evidence.

### B. Obstruction of Justice Enhancement

We review a sentence for abuse of discretion. *United States v. Burgess*, 576 F.3d 1078, 1101 (10th Cir. 2009). When considering challenges to sentencing enhancements under USSG § 3C1.1, we review the district court's factual findings as to the obstruction of justice for clear error and review de novo the district court's legal interpretation of the Sentencing Guidelines. *United States v. Hawthorne*, 316 F.3d 1140, 1145 (10th Cir. 2003).

A defendant is subject to a two-level enhancement under § 3C1.1 if he "willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction, and . . . the obstructive conduct related to . . . [his] offense of conviction." The court may apply this enhancement when the defendant violates the federal perjury statute, 18 U.S.C. § 1621, by giving "false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory." *United States v. Dunnigan*, 507 U.S. 87, 94 (1993), *abrogated on other grounds*, *United States v. Wells*, 519 U.S. 482 (1997). The district court must

make explicit findings as to which representations constitute perjury. *United States v. Hawthorne*, 316 F.3d 1140, 1146 (10th Cir. 2003).

Chadwick suggests that the district court applied the enhancement solely because the jury declined to believe his testimony and returned a guilty verdict. The district court, however, made detailed factual findings that established Chadwick committed perjury when he testified that he could not hear Palmer tell him he was a convicted felon because of the pitch, volume, and tone of Palmer's voice, as well as background noise. The court relied on video evidence that demonstrated Chadwick had no apparent issues hearing what Palmer was telling him. The court also credited the testimony of a law enforcement agent charged with monitoring Chadwick's property during the firearm transaction, who flatly contradicted Chadwick's assertion that a tractor-trailer pulled into his driveway during the sale. Pursuant to our requirement that the district court make explicit factual findings as to the perjured testimony, the court concluded Chadwick's testimony was false, material, and willful.

We see no basis to conclude that the court's finding constitutes clear error, and Chadwick does not explain why we should. Instead, Chadwick asserts that the district court found he committed perjury based only on the jury verdict. Of course, a guilty verdict is inadequate to establish that a defendant committed perjury during his testimony. A defendant may give inaccurate testimony due to confusion, or the jury may find the defendant's testimony truthful but insufficient

to escape criminal liability.  *See Dunnigan*, 507 U.S. at 95.  But an enhancement for perjury requires an explicit finding of willful false testimony.  The district court made such a finding in Chadwick's case.  Chadwick offers no reason to conclude that this finding was clearly erroneous.

## III.  Conclusion

We AFFIRM the judgment and sentence of the district court.

ENTERED FOR THE COURT,

Timothy M. Tymkovich
Circuit Judge